UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-CR-20804-AHS

**UNITED STATES OF AMERICA,**
        **Plaintiff,**
**vs.**
**ASHLEIGH HOLLOWAY,**
        **Defendant.**
_____/

## MOTION TO SEVER DEFENDANT

Ashleigh Holloway (hereinafter, "Ms. Holloway"), by and through her undersigned attorney, respectfully moves the Court for an Order severing her case from trial from that of her co-defendants pursuant to Fed. R. Crim. P. 8(b) and Fed. R. Crim. P. 14(a) (2019).

## FACTS

Ms. Holloway is charged in one count of a six-count indictment filed on December 6, 2019. (ECF No. 14). Of the remainder of the co-defendants are charged in the indictment, Mr. William Foster is charged in every single count of the indictment, whereas Ms. Hannah Chan is charged in counts five and six. (ECF No. 14). Ms. Holloway is excluded from count one of the indictment charging conspiracy, and count five applicable to Ms. Holloway charges her with one event involving one alleged victim, who as far as the complaint against the Defendants explains, has accused Ms. Holloway of allegedly causing her to commit a commercial sex act by way of fraud or coercion. In sharp contrast, Mr. Foster is charged with similar allegations of all three alleged victims noted in the indictment, whereas Ms. Chan is charged with also transporting alleged victim 3 (ECF No. 14). To date since arraignment, Ms. Holloway has confronted no discovery from USAO that has alleged that any other victim has accused Ms. Holloway of

conduct involving the remainder of the victims noted in the indictment, or one that spans a greater length of time than the approximately thirty-seven day period during which the allegations against her are said to have taken place.

## ARGUMENT

Rule 14(a) of the Federal Rules of Criminal Procedure states: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a) (2019).

Interpreting Rule 14(a), courts hold, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). The preference for joint trials is one of promoting efficiency and of ensuring consistency in verdicts among defendants who engaged in related acts stemming from the same overall master scheme. Id. at 537. In determining whether a joint trial is appropriate, the district court must "balance the prejudice that a defendant may suffer from a joint trial, against the public's interest in judicial economy and efficiency." United States v. Cross, 928 F.2d 1030, 1037 (11th Cir. 1991). Therefore, "a district court should grant severance 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" Puiatti v. McNeil, 626 F.3d 1283, 1310 (11th Cir. 2010).

Severance may be required when: (1) the defendants rely upon mutually antagonistic defenses; (2) one defendant would exculpate the other defendant in a separate trial; (3)

inculpatory evidence will be admitted against one defendant that is not admissible against the other defendant; or (4) a prejudicial spillover effect will prevent the jury from making an individualized determination as to each defendant. <u>United States v. Chavez</u>, 584 F.3d at 1354 (11th Cir. 2009). Severance is mandated when a joint trial leads to the denial of a constitutional right or when the jury would be prevented from making a reliable judgment. <u>United States v. Blakenship</u>, 382 F.3d 1110, 1123 (11th Cir. 2004).

In this case, not only may the testimonies of remainder of defendants exculpate Ms. Holloway if presented in a separate trial as to count five, the risk of prejudicial spillover effect likely preventing the jury from making an individualized determination as to each defendant is the greatest in the case of Ms. Holloway. By being tried alongside Mr. Foster and Ms. Chan, Ms. Holloway is at great risk since ascertainably the bulk of the Government's presentation will most certainly be inapplicable to her since allegations made against Mr. Foster span from December 23, 2008 through September 6, 2019 and involve allegations as against a minor (as well as two other alleged victims) whereas allegations against Ms. Holloway span at most thirty-seven days between August 2019 - September 6, 2019 and involve an adult female. As such, this Court should prevent Ms. Holloway from suffering a jury unable to keep their determinations as to co-defendants who are charged with allegations spanning not just different victims, but substantially different lengths of time.

## **CONCLUSION**

For the foregoing reasons, Ms. Holloway respectfully requests that her trial be severed from her co-defendants.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, I electronically filed the foregoing document with the Clerk of Court using CM/ECF with service to all parties of record.

/s/ Seda Aktas
**SEDA AKTAS, ESQ., B.C.S.**
Florida Bar Number: 58838
**AKTAS LAW, P.A.**
Attorney for Defendant
701 Brickell Ave., Ste. 1550
Miami, Florida 33131
(305) 728-5331 (Phone)
(305) 728-5288 (Fax)
seda@aktaslaw.com